FILED
SCRANTON

JAN 2 1 2015

_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERTO CHARLES YSASSI,     :
                                                  :
      Plaintiff                        :
                                                  :
v.                                         :  CIVIL NO. 3:CV-14-2372
                                                  :
CAPTAIN S. SPALDING, et al.,    :  (Judge Kosik)
                                                  :
      Defendants                :

## MEMORANDUM

Roberto Charles Ysassi ("Plaintiff") is an inmate currently confined at the Federal Correctional Institution at Allenwood, Pennsylvania. He files this Bivens-style[1] civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1, Compl.) Along with his complaint, Plaintiff files motions for leave to proceed in forma pauperis. (Docs. 2, 7.) Named as Defendants in the complaint are the following three (3) employees at FCI-Allenwood: Warden S. Spalding, Captain Michael Underwood and Lieutenant M. Hughes. Also named as defendants are "Unknown Agents/Employees/Staff

---

[1] See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a Bivens claim. See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001); Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Naranjo v. Martinez, 2009 WL 4268598, *6 (M.D. Pa.).

Members." (Doc. 1 at 2.) The case is presently before the court for obligatory preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons that follow, Plaintiff will be granted in forma pauperis status, and his Bivens claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent he raises property deprivation/destruction claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., his claims will be dismissed due to the lack of subject matter jurisdiction.

## I. Background

Plaintiff contends that on September 18, 2014, Defendants confiscated his personal and private property, including legal materials, thereby hindering his rights without due process of law. By doing so, he claims his right to access to the courts was also obstructed. He asserts that Defendants conspired to confiscate and/or destroy his property which included data, documents, files, forms, and records in violation of the Fifth Amendment. He claims that education and legal materials were among the documents taken. Attached to his complaint are copies of grievances/ appeals he pursued with respect to this issue.

## II. Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at

2

> any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007)(quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" <u>Marangos v. Swett</u>, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570

3

(2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

To state a Bivens claim, a plaintiff must allege (1) a constitutional deprivation caused by the exercise of some right or privilege created by the federal government, and (2) the party responsible for the action must be fairly considered a federal actor. See McCauley v. Computer Aid, Inc., 447 F. Supp. 2d 469, 473 (E.D. Pa. 2006) (citations omitted). Plaintiff asserts that he was deprived of his property without due process of law in violation of the Fifth Amendment, and that Defendants conspired to engage in said activity.

In Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), an

4

inmate claimed that prison officials had negligently deprived him of his property without due process of law. The Parratt Court held that the alleged loss constituted a deprivation of property under the Fourteenth Amendment's due process clause. Id. at 536-37. Nevertheless, the Court also held that negligent deprivations by state officials of a prisoner's personal property are not actionable under the due process clause where a remedy exists under state law for reimbursement. Id. at 541-43.

Subsequently, in Hudson v. Palmer, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984), the Court held that, regardless of whether a government employee intentionally or negligently deprived an inmate of his or her property, the deprivation does not violate the due process clause as long as the inmate has adequate post-deprivation remedies available under state law. Id. at 533.

In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Court overruled the holding in Parratt that a mere lack of due care by a state official may deprive an individual of property under the Fourteenth Amendment. Id. at 330-31. The Daniels Court concluded "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Id. at 328.

In a more recent case, the Third Circuit Court of Appeals invoked the holding in Hudson in determining that the District Court properly found that a state inmate had failed to state a procedural due process claim where he was provided with a

meaningful post-deprivation remedy regarding the loss of his property through the state prison system's internal grievance procedure. Mattis v. Dohman, 260 F. App'x 458, 461 (3d Cir. 2008)(citing Hudson 468 U.S. at 533).

In this case, to the extent Plaintiff's claim is that Defendants negligently confiscated and/or destroyed his personal property, there has been no deprivation of property under the due process clause. See Daniels, 474 U.S. at 328. To the extent Plaintiff's claim is that the FCI-Allenwood Defendants intentionally confiscated or destroyed his property, the relevant inquiry is whether an adequate post-deprivation remedy was available to Plaintiff to address the loss of his property.

The court finds that Plaintiff had adequate post-deprivation remedies available to him through the BOP administrative remedy process. The BOP Administrative Remedy Program allows inmates to seek formal review of an issue relating to any aspect of his or her confinement. See 28 C.F.R. §§ 542.10 through 542.19. The BOP also has an administrative tort claims procedure whereby a federal inmate may file a claim with regard to his damaged or lost property. See 28 C.F.R. §§ 543.30 through 543.32. Plaintiff does not allege that these procedures were not available to him. To the contrary, the allegations in his complaint and the attachments thereto clearly reveal that he availed himself of at least the BOP Administrative Remedy Program. There also is no indication that he attempted to avail himself of the BOP's tort claims procedure, or was somehow prevented from doing so. As such, because Plaintiff had

adequate post-deprivation remedies available to him, he fails to state a due process claim upon which relief may be granted, and his property deprivation claim must be dismissed. Any amendment with respect to this claim would be futile.[2]

It also appears that Plaintiff seeks to set forth a denial of access to the courts claim based upon Defendants' confiscation/destruction of legal materials. Under the First and Fourteenth Amendments, prisoners retain the right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). However, a prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. Lewis, 518 U.S. at 349. To meet this requirement, a plaintiff must show that the actions of the prison officials hindered the prisoner's efforts to pursue a nonfrivolous claim. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008); Christopher v. Harbury, 536 U.S. 403, 415 (2002). Further, "the injury

---

[2] Even if this action were construed to be a combined Bivens and FTCA action, any property deprivation/destruction claim under the FTCA would also be subject to dismissal. The FTCA confers subject matter jurisdiction on district courts over negligence actions against the United States. See 28 U.S.C. § 1346(b)(1). However, the FTCA exempts certain claims, including "[a]ny claim arising in respect to the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). Because Plaintiff asserts his claims against BOP officers employed at FCI-Allenwood, his FTCA claim would be subject to dismissal for lack of subject matter jurisdiction. See Gibson v. Sadowski, 308 F. App'x 580, 581-82 (3d Cir. 2009)(citing Ali v. Fed. Bureau of Prisons, 552 U.S. 214, (2008)(holding that BOP officers who allegedly lost inmate's personal property during his transfer were "law enforcement officers" as that term is used in § 2680(c))).

requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," and thus the right is limited to safeguarding prisoners' ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 349.

In the instant case, Plaintiff fails to set forth any facts whatsoever indicating that any of his litigation efforts were thwarted due to the confiscation/destruction of his legal property. More importantly, even if Plaintiff had alleged facts establishing that his litigating efforts had been frustrated by Defendants with respect to a challenge to his conviction or with respect to the conditions of his confinement, there are no allegations asserting which actions he was pursuing, or that he suffered any actual injury. For these reasons, to the extent he attempts to set forth an access to the courts claim, it is subject to dismissal.[3]

---

[3] If, by any chance, Plaintiff believes he is able to set forth a viable access to the courts claim with respect to the confiscation/destruction by Defendants of his legal property in accordance with the requirements of Lewis v. Casey, he may file an amended complaint within twenty (20) days, and the Clerk of Court will be directed to reopen this case with respect to that claim only.

To the extent Plaintiff attempts to state a claim of conspiracy, said claim is also subject to dismissal in that he fails to allege a violation of a federal right. Even if he had, in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and place of conduct, and (3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 432 n. 8 (3d Cir. 1990). The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. A plaintiff must therefore allege with particularity and must present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. See id.; Rose, 871 F.2d at 366. A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991). Plaintiff fails to set forth any such allegations in his complaint.

Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.